UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM G. MOORE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. C07-5154<br>　　　　　CR95-5415<br><br>ORDER DENYING PETITION<br>PURSUANT TO 28 U.S.C. § 2255 |

This matter comes before the Court on Petitioner William G. Moore's "Motion for Discovery" pursuant to 28 U.S.C. § 2255. The Court, having considered the Petitioner's pleadings and the balance of the record, finds that the motion should be denied.

**INTRODUCTION AND BACKGROUND**

Mr. Moores was convicted in October 1995 of Conspiracy to Manufacture Methamphetamine, Conspiracy to Money Launder and Aiding and Abetting the Manufacture of Methamphetamine. Petitioner was sentenced to life imprisonment on June 28, 1996. Petitioner has occupied this Court's docket with numerous motions and petitions for post-conviction relief, including seven successive petitions pursuant to 28 U.S.C. § 2255. On February 16, 2006, this Court entertained Petitioner's latest petition and entered an Order Denying Petition Pursuant to 28

ORDER - 1

U.S.C. § 2255 and Motion for Return of Property Pursuant to Rule 41. That Order addresses Mr. Moore's <u>Crawford</u> claim and claim of newly discovered evidence.  Petitioner presently seeks an order permitting discovery concerning the U.S. Attorneys' actions in the prosecution of Petitioner.

**28 U.S.C. § 2255**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. <u>United States v. Taylor</u>, 648 F.2d 565, 573 (9th Cir. 1981).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the court summarily dismiss the motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The rules regarding section 2255 proceedings similarly state that the court may summarily order dismissal of a section 2255 motion without service upon the United States Attorney only  "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in the district court." Rule 4(a).  Thus, when a petitioner fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  <u>U.S. v. Leonti</u>, 326 F.3d 1111, 1116 (9th  Cir. 2003); <u>United States v. Burrows</u>, 872 F.2d 915, 917 (9th Cir. 1989); <u>Marrow v. United States</u>, 772 F.2d 525, 526

ORDER - 2

(9th Cir. 1985).

A petitioner fails to state a claim upon which relief can be granted when he fails to meet the statute of limitations.  Petitions pursuant to Section 2255 must be filed within one year of the underlying judgment.  The criminal judgment was filed on July 5, 1996.  Section 2255 provides a very narrow post-conviction remedy when a new rule of constitutional law emerges after the statute of limitations has passed.  In such cases, the statute provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Crawford became final on March 8, 2004. See Crawford v. Washington, 541 U.S. 36 (2004).  As noted in this Court's previous Order, Petitioner's Crawford claims are bared as untimely.  Accordingly, Petitioner's present motion is also barred as untimely.

Alternatively, the Court finds that the Petitioner cannot demonstrate actual innocence.  The basis for this ruling is found in the previous Order and is adopted by reference herein.  Petitioner is not entitled to an evidentiary hearing or additional discovery on the motion to vacate or set aside his sentence under 28 U.S.C. § 2255 . Additionally, the Court summarily dismisses the motion without sending it to the United States Attorney for response.

ACCORDINGLY,

Petitioner's 28 U.S.C. 2255 petition [Dkt #212] and motion for discovery [Dkt. #214] are **DENIED**.

DATED this 2nd day of April, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3